UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ROSETTA M. YARBROUGH ON BEHALF OF ERIC FITZGERALD YARBROUGH | CIVIL ACTION |
| VERSUS | NO. 16-230-EWD |
| CAROLYN W. COLVIN ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION | CONSENT CASE |

## RULING AND ORDER ON DEFENDANT'S MOTION TO DISMISS[1]

Rosetta M. Yarbrough ("Plaintiff") brought this action on behalf of her deceased husband, Eric F. Yarbrough ("Mr. Yarbrough"), under 42 U.S.C. § 405(g) for judicial review of the decision of Carolyn W. Colvin, acting Commissioner of Social Security (the "Commissioner"), denying Mr. Yarbrough's request to reopen the adjudication of his March 15, 2013 application for Title II disability insurance benefits and denying Mr. Yarbrough's second and third applications for disability insurance benefits, filed on August 1, 2014 and November 3, 2014, respectively, based on the doctrines of *res judicata* and administrative finality.[2] On May 6, 2016, the parties consented

---

[1] References to documents filed in this case are designated by "R. Doc. at [page numbers]." References to the record of administrative proceedings filed in this case are designated by "AR at [page numbers]."

[2] R. Doc. 1. In the original Complaint filed in this Court, Plaintiff alleges that she "complains of a decision which adversely affects the plaintiff in whole or in part. The decision has become the final decision of the Commissioner for the purposes of judicial review. The Appeals Council denied review on March 2, 2016." R. Doc. 1 at ¶ 2. A review of the administrative record shows that on March 2, 2016, the Appeals Council denied Plaintiff's request for review of the decision rendered by an Administrative Law Judge ("ALJ") on August 20, 2015. AR at pp. 5-7. The August 20, 2015 decision concerned Mr. Yarbrough's request to reopen the prior adjudication on his first application for disability benefits and whether the doctrine of *res judicata* applied to Mr. Yarbrough's second and third applications for disability benefits. AR at pp. 17-23.

to proceed before a United States Magistrate Judge[3] and the case was transferred to the undersigned Magistrate Judge for all further proceedings and entry of judgment pursuant to 28 U.S.C. § 636(c).[4]

On November 14, 2016, the Commissioner filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1), asserting that this Court lacks subject matter jurisdiction over Plaintiff's Complaint, which seeks judicial review of the Commissioner's decision denying Mr. Yarbrough's petition to reopen the adjudication on his first application for disability benefits and denying Mr. Yarbrough's second and third applications for disability benefits based upon *res judicata* and administrative finality.[5] The Motion is opposed[6] and the Commissioner has filed a reply.[7] For the reasons that follow, the Motion is **GRANTED** and Plaintiff's appeal is **DISMISSED WITH PREJUDICE.**

## I. Procedural Background[8]

On March 15, 2013, Mr. Yarbrough filed a Title II application for disability insurance benefits, alleging disability beginning on February 3, 2012 due to pancreatitis and liver disease.[9] The claim was initially denied on May 23, 2013 and Mr. Yarbrough filed a request for a hearing on June 19, 2013.[10] A hearing was held on February 13, 2014, at which Mr. Yarbrough and his wife (Plaintiff) appeared and testified without counsel.[11] At the hearing, Mr. Yarbrough waived his right to representation and chose to go forward with his claim as a *pro se* claimant.[12] A

---

[3] R. Doc. 7.
[4] R. Doc. 17.
[5] R. Doc. 11.
[6] R. Doc. 13.
[7] R. Doc. 16.
[8] Although the Commissioner attached pertinent documents from the Administrative Record to the Motion to Dismiss, it is difficult to discern the page numbers of the attached documents *See*, R. Doc. 11-1. As such, the Court will refer to the attached documents as they appear in the Administrative Record, which was filed into the record at R. Doc. 8.
[9] AR at pp. 20, 43, 117-119.
[10] AR at pp. 20, 52.
[11] AR at pp. 24-32.
[12] AR at p. 52; *See*, R. Doc.16-1 at pp. 16-17.

vocational expert, Wendy P. Clam, also appeared and testified.[13] The claim was denied on May 20, 2014[14] by ALJ Monica J. Anderson ("ALJ Anderson") and Mr. Yarbrough filed an appeal. On October 3, 2014, the Appeals Council of the Office of Disability Adjudication and Review ("Appeals Council") denied Mr. Yarbrough's request for review.[15] Although Mr. Yarbrough subsequently retained counsel on October 15, 2014,[16] no appeal was taken from the October 3, 2014 Appeals Council decision. Because Mr. Yarbrough did not file an appeal, the May 20, 2014 decision denying his first application for disability benefits has become final.

On August 1, 2014, Mr. Yarbrough filed a second application for Title II disability benefits, alleging disability since June 1, 2012.[17] On November 3, 2014, Mr. Yarbrough filed a third application for disability benefits, alleging disability since March 15, 2013.[18] On December 9, 2014, the Social Security Administration ("SSA") notified Mr. Yarbrough that he did not qualify for disability benefits.[19] Although the letter fails to specify whether it was sent in response to Mr. Yarbrough's second or third application for disability benefits, the letter states, "We denied your previous claim for disability benefits. Our previous decision covered the same issues as this claim. We do not have any new information to change our decision."[20] The letter also explains that the information Mr. Yarbrough provided did not indicate that there was any change in his health before June 30, 2013, the date when Mr. Yarbrough was last insured.[21] Mr. Yarbrough filed a request for reconsideration, which was denied on February 16, 2015 on the same basis set forth in the SSA's

---

[13] AR at pp. 26-32.
[14] AR at pp. 49-63.
[15] AR at pp. 64- 68.
[16] AR at p. 20; R. Doc. 9 at p. 2.
[17] AR at pp. 125-131; R. Doc. 9 at p. 2; R. Doc. 11-1 at p. 2.
[18] AR at pp. 132-133; R. Doc. 9 at p. 2; R. Doc. 11-1 at p. 2.
[19] AR at pp. 77-79.
[20] AR at p. 77.
[21] AR at p. 77.

3

December 9, 2014 letter.[22] Mr. Yarbrough requested an administrative hearing, which was held on July 24, 2015.[23] Mr. Yarbrough subsequently died on August 12, 2015[24] and his widow, Rosetta M. Yarbrough, was substituted as the Plaintiff in this matter.[25]

On August 20, 2015, ALJ Gerardo Perez ("ALJ Perez") issued an unfavorable decision denying Mr. Yarbrough's request to reopen the adjudication on his first application for disability benefits and denying Mr. Yarbrough's second and third applications for disability benefits based on the doctrines of *res judicata* and administrative finality.[26] Although Mr. Yarbrough had submitted new documentary evidence at the hearing level, ALJ Perez found that none of the new evidence predated June 30, 2013, the date Mr. Yarbrough was last insured. ALJ Perez further found that the new evidence "was available to and reviewed by the Appeals Council" in October 2014 when it denied Mr. Yarbrough's request to review the May 20, 2014 decision denying Mr. Yarbrough's first application for benefits.[27] At the administrative hearing, Mr. Yarborough's counsel had argued that the May 20, 2014 decision "was in error on the face of the decision" because certain medical evidence had been overlooked, which allegedly showed that Mr. Yarbrough met the criteria for a Listed Impairment.[28] As such, Mr. Yarbrough's counsel argued that there was "good cause" to reopen the May 20, 2014 decision. However, when ALJ Perez asked counsel why Mr. Yarbrough did not seek judicial review of the May 20, 2014 decision after the Appeals Council declined review, Mr. Yarbrough's counsel stated that, "'there was no brief to point out the medical records that the judge overlooked,'" and that counsel, "'did not have a copy

---

[22] AR at pp. 20, 81-83.
[23] AR at pp. 33-39.
[24] R. Doc. 9 at p. 3.
[25] AR at p. 18.
[26] AR at pp. 17-23.
[27] AR at p. 21.
[28] AR at p. 21.

of the administrative record when we signed on.'"[29] Mr. Yarbrough's counsel further asserted that, "'either way, 'we [sic] are at the same place, whether we would have taken it to federal court or not.'"[30] According to ALJ Perez, "The question to be asked, in [counsel's] opinion, is whether there was a material error in the prior decision."[31]

ALJ Perez ultimately denied Mr. Yarbrough's request to reopen the May 20, 2014 decision denying his first application for disability benefits, reasoning that: (1) the Appeals Council reviewed the May 20, 2014 decision and found no error warranting remand; (2) if Mr. Yarbrough/his counsel disagreed with the May 20, 2014 decision, they should have filed an appeal in federal district court within 60 days; because they failed to seek judicial review, the decision became administratively binding and final; and (3) ALJ Perez did not believe that he had the authority to overturn the decision of the Appeals Council.[32] ALJ Perez also concluded that the May 20, 2014 determination would remain final because none of the conditions in 20 C.F.R. 404.988 for reopening the prior decision were present.[33]

To the extent that Mr. Yarbrough's second and third applications for disability benefits were treated as new claims, ALJ Perez concluded that no new and material evidence had been submitted and that the second and third applications involved the same facts and the same issues that were ruled upon in connection with Mr. Yarbrough's first application for disability benefits.[34] As such, and because Mr. Yarbrough's insured status expired prior to the May 20, 2014 decision, ALJ Perez denied Mr. Yarbrough's second and third applications for disability benefits on the

---

[29] AR at p. 21.
[30] AR at p. 21.
[31] AR at p. 21.
[32] AR at p. 22.
[33] AR at p. 22.
[34] AR at p. 22.

5

basis of *res judicata* and administrative finality.³⁵ In reaching these conclusion, ALJ Perez pointed out the following:

> Although the claimant was not represented prior to the Appeals Council's decision on October 3, 2014, he obtained representation just 12 days later, on October 15, well before the end of the 60-day appeal period. Mr. Lato's representations at the hearing that the claimant should be excused from the 60-day filing requirement for an appeal to the District Court because his attorneys were new to the case and did not have the record and/or a brief outlining the evidence is insufficient to overturn the previous decisions of both the Administrative Law Judge and Appeals Council. In any event, that argument should have been made timely and before the appropriate appellate body.³⁶

On September 10, 2015, Mr. Yarbrough's counsel appealed ALJ Perez's August 20, 2015 decision.³⁷ On March 2, 2016, the Appeals Council denied the request for review, concluding that there was "no reason under our rules to review the Administrative Law Judge's Decision."³⁸ The Appeals Council noted that, "In looking at your case, we considered the reasons you disagree with the decision and the additional evidence listed on the enclosed Order of Appeals Council. We found that this information does not provide a basis for changing the Administrative Law Judge's decision."³⁹

On April 14, 2016, Plaintiff filed a Complaint in this Court, seeking judicial review of ALJ Perez's August 20, 2015 decision denying the request to reopen the May 20, 2014 decision on Mr. Yarbrough's first application for disability benefits and denying Mr. Yarbrough's second and third applications for disability benefits based on the doctrines of *res judicata* and administrative finality.⁴⁰ In the Memorandum in Support of Appeal, Plaintiff asserts that ALJ Perez committed

---

³⁵ AR at p. 22.
³⁶ AR at p. 22.
³⁷ AR at pp. 11-12.
³⁸ AR at p. 5.
³⁹ AR at pp. 5-6.
⁴⁰ R. Doc. 1.

6

legal error by not reopening the May 20, 2014 decision on Mr. Yarbrough's first application for disability benefits because there was clear error on the face of the 2014 decision.[41] Plaintiff maintains that the May 20, 2014 decision is erroneous on its face because ALJ Anderson failed to consider certain medical evidence that proved Mr. Yarbrough had a Listed Impairment.[42] Plaintiff further asserts that the hearing held in connection with the May 20, 2014 decision violated Mr. Yarbrough's due process rights because ALJ Anderson, "failed to develop a full and fair record and failed her duty of inquiry by curtailing Plaintiff's and Plaintiff's wife's testimony, and by failing to consult with a medical expert to determine whether a Listed Impairment was met or equaled."[43] As such, Plaintiff asserts that ALJ Perez's August 20, 2015 decision denying Plaintiff's request to reopen the May 20, 2014 decision constitutes legal error that must be reversed and remanded.

Plaintiff further asserts that ALJ Perez committed legal error by denying Mr. Yarbrough's second and third applications for disability benefits based upon the doctrines of *res judicata* and administrative finality because Plaintiff had provided new and material evidence from 2014 and 2015 that showed Mr. Yarbrough had a Listed Impairment for a twelve-month period from March 2013 through April 2014.[44] Plaintiff contends that this new and material evidence is directly relevant to the period prior to the May 20, 2014 decision and shows that the decision was contrary to the weight of the evidence. Plaintiff further asserts that the doctrine of *res judicata* is not applicable in this case, where Mr. Yarbrough was not represented and had a mental or physical condition that limited his ability to do things for himself.[45] Although Mr. Yarbrough retained

---

[41] R. Doc. 9 at pp. 11-16.
[42] R. Doc. 9 at pp. 11-16.
[43] R. Doc. 9 at p. 16.
[44] R. Doc. 9 at p. 18. As previously mentioned, Plaintiff asserts that Mr. Yarbrough's date of last insured was June 30, 2013. R. Doc. 9 at p. 1.
[45] R. Doc. 9 at p. 19 (*citing* SSR 91-5p); *See*, R. Doc. 9-7.

counsel on October 15, 2014, Plaintiff maintains that counsel "did not receive the record from Plaintiff's prior claim before the expiration of the federal filing deadline, and thus was not able to ascertain ALJ Anderson's clear error. Therefore, during the applicable time period, Plaintiff was the only one that would have known that ALJ Anderson committed error."[46] Plaintiff further asserts that Mr. Yarbrough's liver disease was a Listed Impairment that limited his mental and physical ability to understand and pursue his legal action. As such, Plaintiff asserts that, "ALJ Perez committed error in barring reopening of [Mr. Yarbrough's] 2013 claim on the basis of administrative *res judicata*" and his decision must be reversed and remanded so that Plaintiff can obtain a new determination regarding Mr. Yarbrough's disability based upon all the material facts of record.

On November 14, 2016, the Commissioner filed the instant Motion to Dismiss under Fed. R. Civ. P. 12(b)(1), asserting that this Court lacks subject matter jurisdiction to review the August 20, 2015 decision denying Mr. Yarbrough's request to reopen his prior application for disability benefits.[47] Relying upon *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977) ("*Sanders*"), the Commissioner asserts that this Court lacks subject matter jurisdiction because Plaintiff has not raised a colorable constitutional challenge to the August 20, 2015 decision denying Mr. Yarbrough's request to reopen the adjudication on his first application for disability benefits. The Commissioner alleges that there was no violation of Mr. Yarbrough's due process rights during the course of these proceedings because Mr. Yarbrough was provided with notice and an opportunity to be heard at an administrative hearing prior to the May 20, 2014 denial of his first application for disability benefits and before the August 20, 2015 denial of his petition to reopen the decision on his first application for benefits. The Commissioner next asserts that

---

[46] R. Doc. 9 at pp. 19-20.
[47] R. Doc. 11.

although Plaintiff claims Mr. Yarbrough's due process rights were violated at the February 13, 2014 administrative hearing regarding his first application for benefits, "None of these allegations constitute due process violations in the Commissioner's decision to deny reopening his original application from March 2013 because Plaintiff had notice of the administrative hearing and was provided the opportunity to present any and all claims to the ALJ at the hearing."[48] The Commissioner argues that, "The Fifth Circuit has clearly stated that Plaintiff cannot transform an otherwise non-appealable matter into a colorable claim of a constitutional violation with the use of magic words."[49]

In opposition, Plaintiff asserts this Court has subject matter jurisdiction over her appeal because ALJ Perez's August 20, 2015 decision not to reopen the prior decision on Mr. Yarbrough's first application for disability benefits constitutes legal error, since the February 13, 2014 administrative hearing violated Mr. Yarbrough's due process rights.[50] Plaintiff essentially re-urges the arguments raised in her Memorandum in Support of Appeal with respect to the alleged due process violation. Plaintiff also re-asserts the prior explanation given as to why Mr. Yarbrough's counsel did not seek judicial review of the October 3, 2014 decision of the Appeals Council denying review of ALJ Anderson's May 20, 2014 decision regarding Mr. Yarbrough's first application for benefits.

In reply, the Commissioner maintains that the February 13, 2014 administrative hearing did not violate Mr. Yarbrough's due process rights.[51]

---

[48] R. Doc. 11-1 at pp. 4-5.
[49] R. Doc. 11-1 at p. 5 (citing *Robertson v. Bowen*, 803 F.2d 808, 810 (5th Cir. 1986)).
[50] R. Doc. 13.
[51] R. Doc. 16.

9

## II. Law and Analysis

### A. The ALJ's Refusal to Reopen Mr. Yarbrough's First Application for Disability Benefits

In her Memorandum in Support of Appeal, Plaintiff asserts that ALJ Perez erred by refusing to reopen ALJ Anderson's May 20, 2014 decision denying Mr. Yarbrough's first application for disability benefits because the May 20, 2014 decision was erroneous on its face and because the February 13, 2014 administrative hearing violated Mr. Yarbrough's due process rights.[52] The Social Security Act limits judicial review to a particular type of agency action, namely a "final decision of the Secretary made after a hearing." *Sanders*, 430 U.S. at 108, 97 S.Ct. at 986 (*quoting* 42 U.S.C. § 405(g)). "A refusal to reopen a previously adjudicated claim or a dismissal of a new claim based on res judicata, however, are not considered a 'final decision' within the meaning of the Act." *Key v. Colvin*, CIV.A. No. 15-03-SDD-RLB, 2015 WL 6501018, at *2 (M.D. La. Sept. 23, 2015), *report and recommendation adopted*, 2015 WL 6479077, at *1 (M.D. La. Oct. 27, 2015); *See, Sanders*, 430 U.S. at 108, 97 S.Ct. at 986 (a refusal to reopen a previously adjudicated claim is not a final decision and therefore not subject to judicial review); *Robertson v. Bowen*, 803 F.2d 808, 810 (5th Cir. 1986) (dismissal of a new claim based on *res judicata* is not a final decision subject to judicial review).

As the Supreme Court explained, "[A]n interpretation that would allow a claimant judicial review simply by filing and being denied a petition to reopen his claim would frustrate the congressional purpose, plainly evidenced in [§ 405(g)], to impose a 60-day limitation upon judicial review of the Secretary's final decision on the initial claim for benefits." *Sanders*, 430 U.S. at 108, 97 S.Ct. at 986 (*citing* 20 C.F.R. § 404.951 (1976)). "Congress' determination so to limit judicial review to the original decision denying benefits is a policy choice obviously designed to

---

[52] R. Doc. 9 at pp. 11-16.

forestall repetitive or belated litigation of stale eligibility claims. Our duty, of course, is to respect that choice." *Id*. Thus, federal courts generally lack subject matter jurisdiction over claims seeking review of the decision denying a request to reopen the adjudication of a prior application for disability benefits. *Sanders*, 430 U.S. at 108, 97 S.Ct. at 986.

However, the decision not to reopen the adjudication of a prior application for disability benefits is subject to judicial review if "that refusal is challenged on constitutional grounds." *Howard v. Califano*, 590 F.2d 137, 138 (5th Cir. 1979) (citing *Sanders*, 430 U.S. 99, 97 S.Ct. 980); *See*, *Atwell v. Commissioner of Social Sec. Admin.*, CIV.A. No. 13-64-JWD-RLB, 2015 WL 757601 (M.D. La. Feb. 23, 2015) (same). The Eleventh Circuit has interpreted *Sanders* to mean that, "A constitutional claim relating to the first application is insufficient to confer subject matter jurisdiction over this appeal of the reopening decision. The constitutional issue must concern the proceeding at which the decision not to reopen was made. Otherwise, constitutional claims arising out of an administrative proceeding could be preserved indefinitely through requests to reopen." *Cherry v. Heckler*, 760 F.2d 1186, 1190 n.4 (11th Cir. 1985). Thus, while the claimant in *Cherry* had alleged that she was deprived of a fair hearing on her first application for benefits, her second application and her request for reopening the prior decision, the court concluded that the allegations regarding her first application were not properly before the court because she failed to appeal the Secretary's final decision regarding that application. *Id.* at 1190 n.3.

At least one court in this Circuit has similarly concluded that under *Sanders*, the constitutional challenge must concern the decision not to reopen a prior application for disability benefits, rather than the original decision on the first application for benefits. In *Twiggs v. Shalala*, the plaintiff filed seven applications for disability benefits, the last of which was treated as a request to reopen the decision on the sixth application, which was an adjudication of plaintiff's

allegations regarding his mental and physical limitations. CIV.A. No. 93-3472, 1994 WL 261815, at *2 (E.D. La. June 6, 1994). Like in the instant case, the plaintiff in *Twiggs* claimed that his due process rights were violated during the administrative proceedings on his sixth application because, among other reasons, the plaintiff did not have counsel and he did not have the mental capabilities to understand the technicalities in not appealing the decision. 1994 WL 261815, at *3. However, the district court held, "Neither in his complaint nor in his memorandum has plaintiff mounted a constitutional challenge *to the decision not to reopen*. He merely posits error on the part of the Secretary in not finding that his due process rights had been violated." *Id*. (emphasis added). The *Twiggs* court ultimately concluded that it lacked subject matter jurisdiction over plaintiff's appeal because plaintiff sought review of the decision regarding whether his prior claims should be reopened and, "Such refusals to reopen and determinations that a claim is res judicata are not reviewable. The court below correctly dismissed for want of jurisdiction." *Id*. (quoting *Hensley v. Califano*, 601 F.2d 216 (5th Cir. 1979)).

Other courts have reached the same conclusion. In *Rodriguez Flores v. Apfel*, the district court held that:

> [A] claimant's due process challenge to the denial of her reopening request may not be based on alleged errors in the denial of her prior claims. The constitutional claims justifying judicial review of a decision to reopen "must relate to the manner or means by which the [Commissioner] decided not to reopen the prior decision, rather than to the merits of the prior decision or the means by which that decision was reached." *Panages v. Bowen*, 871 F.2d 91, 93 (9th Cir. 1989) (citations omitted).

28 F. Supp. 2d 67, 70 (D.P.R 1998). The court in *Rodriguez Flores* ultimately held that, "Since Rodriguez has failed to satisfy said requirement in the present controversy and failed to timely appeal her prior claims, any errors prompting the denial of Rodriguez's prior applications are not properly before this Court." *Id.* In *Leaks for Leaks v. Sullivan*, the district court similarly held

12

that a constitutional challenge to the Commissioner's 1983 decision on plaintiff's prior applications for disability benefits was insufficient to confer subject matter jurisdiction over plaintiff's claims regarding the Commissioner's refusal to reopen her prior applications. 3:90-cv-61-GET, 1991 WL 65543, at *2 (N.D. Ga. Feb. 13, 1991). The *Sullivan* court rejected the plaintiff's argument that the refusal to reopen constituted a further denial of plaintiff's due process rights because of the alleged errors in the initial decision, explaining that, "If, in fact, a constitutional violation occurred in 1983, plaintiff was given notice of her right to appeal and yet no appeal was pursued. Independent of the alleged constitutional violation in 1983, the plaintiff has not shown that the ALJ's 1988 decision to not reopen this unappealed decision, or the unappealed prior decisions, violated her constitutional rights." *Id.*

Here, Plaintiff seeks review of ALJ Perez's refusal to reopen ALJ Anderson's May 20, 2014 decision denying Mr. Yarbrough's first application for disability benefits. Because that determination does not constitute a "final decision" under 42 U.S.C. § 405(g), this Court lacks subject matter jurisdiction over Plaintiff's first assignment of error unless Plaintiff has raised a colorable constitutional claim regarding ALJ Perez's August 20, 2015 decision. To the extent Plaintiff challenges the constitutionality of the administrative hearing held by ALJ Anderson on February 13, 2014 regarding Mr. Yarbrough's first application for disability benefits, Plaintiff has not shown that the alleged constitutional violation pertains to ALJ Perez's August 20, 2015 decision denying Mr. Yarbrough's request to reopen the prior adjudication. As discussed above, federal courts generally lack subject matter jurisdiction over claims seeking review of the decision denying a request to reopen the adjudication of a prior application for disability benefits. *Sanders*, 430 U.S. at 108, 97 S.Ct. at 986. Further, "This is not one of those rare instances where the Secretary's denial of a petition to reopen is challenged on constitutional grounds." *Id*. Instead,

Plaintiff asserts that ALJ Perez committed legal error in his August 20, 2015 decision by not reopening the May 20, 2014 decision regarding Mr. Yarbrough's first application for disability benefits because the 2014 decision is erroneous on its face.

To the extent Plaintiff alleges that ALJ Perez erred by concluding that Mr. Yarbrough failed to present new and material evidence to warrant reopening Judge Anderson's May 20, 2014 decision, Plaintiff's argument lacks merit, "as § 405(g) does not 'authorize judicial review of alleged abuses of agency discretion in refusing to reopen claims' or the application of res judicata." *Key v. Colvin*, CIV.A. No. 15-03-SDD-RLB, 2015 WL 6501018, at *3 (M.D. La. Sept. 23, 2015) (quoting *Sanders*, 430 U.S. at 107-08) (federal courts do not have jurisdiction to review the denial of a petition to reopen a claim as this would frustrate the congressional purpose of limited judicial review under the Act). In *Mitchell v. Bowen*, the Eastern District of Louisiana similarly concluded that it could not "reconsider the Secretary's carefully rendered decision that no new and material evidence has been furnished, and that no clerical error exists." CIV.A. No. 88-0703, 1988 WL 125444, at *3 (E.D. La. Nov. 22, 1988). The *Mitchell* court explained that, "Unlike the *Cherry* case where the court found that consideration of the new evidence could have changed the administrative outcome, plaintiff has not furnished such material evidence." *Id*. (citing *Cherry v. Heckler*, 760 F.2d 1186 (11th Cir. 1985)). As in *Mitchell*, Plaintiff has not shown that Mr. Yarbrough submitted new and material evidence regarding his first application for benefits, the consideration of which could have changed the outcome of ALJ Perez's August 20, 2015 decision.

More importantly, however, Mr. Yarbrough did not raise a constitutional challenge to ALJ Anderson's May 20, 2014 decision during the administrative hearing held on July 23, 2015 before ALJ Perez. Thus, it does not appear that Plaintiff is alleging that ALJ Perez's August 20, 2015 decision constitutes a continuation of any constitutional violations allegedly committed by ALJ

Anderson at the February 13, 2014 administrative hearing, nor would Plaintiff have a basis to do so under these facts. Rather, Plaintiff argues that ALJ Perez erred by not reopening the May 20, 2014 decision because the 2014 decision is erroneous on its face based upon ALJ Anderson's failure to consider certain medical evidence in the record that allegedly showed Mr. Yarbrough met the criteria for a Listed Impairment. As such, Plaintiff has not raised a constitutional challenge to the August 20, 2015 decision denying Mr. Yarbrough's request to reopen the adjudication on his first application for disability benefits.

Although Plaintiff alleges that ALJ Anderson violated Mr. Yarbrough's due process rights at the February 13, 2014 administrative hearing by failing to develop and full and fair record, failing her duty of inquiry by curtailing Mr. Yarbrough's testimony and that of the Plaintiff and by failing to consult with a medical expert to determine whether Mr. Yarbrough's condition met or equaled a Listed Impairment, such claims should have been raised in an appeal from the October 3, 2014 decision of the Appeals Council denying review of ALJ Anderson's May 20, 2014 decision. While Mr. Yarbrough could have sought judicial review of the May 20, 2014, Mr. Yarbrough chose instead to file a second and third application for disability benefits covering the same issues, *i.e.* disability prior to June 30, 2013, the date he was last insured. Because Mr. Yarbrough chose not to file an appeal, the May 20, 2014 decision became administratively final and this Court lacks subject matter jurisdiction over Plaintiff's constitutional challenge to that decision.

Even though Mr. Yarbrough was a *pro se* claimant when the Appeals Council denied his request for review of the May 20, 2014 decision, Mr. Yarbrough retained counsel on October 15, 2014, twelve days after the Appeals Court issued its decision on October 3, 2014, and well before the end of the 60-day appeal period. Plaintiff's counsel, however, elected not to seek judicial

15

review of the October 3, 2014 Appeals Council decision, thereby waiving Plaintiff's constitutional claims regarding the administrative hearing underlying that decision.[53] The Fifth Circuit reached the same result in *Thibodeaux by Thibodeaux v. Bowen*, finding that a social security claimant waived her constitutional claims by failing to seek judicial review of the Appeals Council's decision denying her application for disability benefits. 819 F.2d 76, 80-81 (5th Cir. 1987). The *Thibodeaux* court explained that the constitutional claims, "should have been litigated in the previous administrative and judicial actions. The primary right, duty, and wrong in the constitutional claims are the same as those in the previous action seeking judicial review of the Secretary's denial of benefits." *Id*. (citations omitted). The *Thibodeaux* court concluded, "Because

---

[53] The explanation given by Plaintiff's counsel as to why no appeal was filed from the October 3, 2014 decision of the Appeals Council ignores the fact that there is a mechanism for obtaining an extension of time to file an appeal. The Code of Federal Regulations specifically provides the following:

> Any party to the Appeals Council's decision or denial of review, or to an expedited appeals process agreement, may request that the time for filing an action in a Federal district court be extended. The request must be in writing and it must give the reasons why the action was not filed within the stated time period. The request must be filed with the Appeals Council, or if it concerns an expedited appeals process agreement, with one of our offices. *If you show that you had good cause for missing the deadline, the time period will be extended*. To determine whether good cause exists, we use the standards explained in § 404.911.

20 C.F.R. § 404.982 (emphasis added). Section 404.911 provides, in pertinent part, the following:

> (a) In determining whether you have shown that you had good cause for missing a deadline to request review we consider—
> (1) What circumstances kept you from making the request on time;
> (2) Whether our action misled you;
> (3) Whether you did not understand the requirements of the Act resulting from amendments to the Act, other legislation, or court decisions; and
> (4) Whether you had any physical, mental, educational, or linguistic limitations (including any lack of facility with the English language) which prevented you from filing a timely request or from understanding or knowing about the need to file a timely request for review.

20 C.F.R. § 404.911(a). Thus, the fact that Plaintiff's counsel "did not receive the record from Plaintiff's prior claim before the expiration of the federal filing deadline, and thus was not able to ascertain ALJ Anderson's clear error," and counsel's assertion that, "Plaintiff had a physical condition which limited both his mental and physical ability to understand and pursue his legal action" may have constituted "good cause" under 20 C.F.R. § 404.982 to grant Plaintiff an extension of time to seek judicial review of the Appeals Council's October 3, 2014 decision. *See,* R. Doc. 9 at pp. 19-20.

the constitutional claims could have been brought in the previous action, the claims are precluded from being brought in this action." 819 F.2d at 81.

As previously discussed, the Supreme Court addressed this specific situation in *Sanders* and explained that, "[A]n interpretation that would allow a claimant judicial review simply by filing and being denied a petition to reopen his claim would frustrate the congressional purpose, plainly evidenced in [§ 405(g)], to impose a 60-day limitation upon judicial review of the Secretary's final decision on the initial claim for benefits." 430 U.S. at 108, 97 S.Ct. at 986 (*citing* 20 C.F.R. § 404.951 (1976)). Further, the Fifth Circuit has held that, "*Sanders* provides that 'a claimant is not given a guarantee of a second hearing' when he waives previous opportunities for review." *Riecke v. Barnhart*, 184 Fed. App'x 454, 456 (5th Cir. 2006) (quoting *Matos v. Sec'y of Health, Educ. & Welfare*, 581 F.2d 282, 285 (1st Cir. 1978)). In addition, "The Supreme Court has unequivocally interpreted the Social Security Act to preclude judicial review of a decision not to reopen a prior claim except where denial of the reopening request raises 'colorable constitutional issues that are *not* inextricably intertwined with [the] claim for benefits.'" *Johnson v. Astrue*, CIV.A. No. 08-0444, 2009 WL 2496021, at *1 (W.D. La. Aug. 11, 2009) (quoting *Sanders*, 430 U.S. at 99, 97 S.Ct. 980) (emphasis added). Because Plaintiff's constitutional claim concerns the May 20, 2014 decision regarding Mr. Yarbrough's first application for disability benefits, a matter which became administratively final in December of 2014, this Court lacks subject matter jurisdiction over Plaintiff's claim that ALJ Perez erred by refusing to reopen the May 20, 2014 decision on Mr. Yarbrough's first application for disability benefits.

### B. The ALJ's Denial of Mr. Yarbrough's Second and Third Applications Based Upon *Res Judicata* and Administrative Finality

Plaintiff also asserts that ALJ Perez committed legal error by denying Mr. Yarbrough's second and third applications for disability benefits based upon the doctrines of *res judicata* and

administrative finality. As previously discussed, the Supreme Court has held that the Social Security Act, "clearly limits judicial review to a particular type of agency action, a 'final decision of the Secretary made after a hearing.'" *Sanders*, 430 U.S. at 108, 97 S.Ct. at 986. "A refusal to reopen a previously adjudicated claim *or a dismissal of a new claim based on res judicata*, however, are not considered a 'final decision' within the meaning of the Act." *Key v. Colvin*, CIV.A. No. 15-03-SDD-RLB, 2015 WL 6501018, at *2 (M.D. La. Sept. 23, 2015) (quoting *Sanders*, 430 U.S. at 108, 97 S.Ct. at 986) (emphasis added); *See*, *Robertson v. Bowen*, 803 F.2d 808, 810 (5th Cir. 1986) (dismissal of a new claim based on *res judicata* is not a final decision subject to judicial review); *Ellis v. Schweiker*, 662 F.2d 419, 419-20 (5th Cir. 1981) (noting that the Fifth Circuit has applied the rule of *Sanders* to cases "in which the secretary denied benefits on grounds of *res judicata*").

As the foregoing case law shows, the Court generally lacks subject matter jurisdiction to review an ALJ's decision denying an application for disability benefits based upon *res judicata*. *See, Key*, CIV. A. No. 15-03-SDD-RLB, 2015 WL 6501018, at *2 (citing *Hensley v. Califano*, 601 F.2d 216, 216 (5th Cir. 1979) ("refusals to reopen and determinations that a claim is *res judicata* are not reviewable" by federal courts). However, the Fifth Circuit has recognized that, "An ALJ's dismissal of a claimant's case on *res judicata* grounds is unreviewable absent a 'colorable constitutional claim.'" *Lemelle v. Shalala*, 37 F.3d 631 (5th Cir. 1994) (quoting *Brandyburg v. Sullivan*, 959 F.2d 555, 561 (5th Cir. 1992)). The Fifth Circuit has also recognized that without a constitutional claim for reopening a case, "jurisdiction in the district court did not exist unless the case was actually reopened by the administration." *Powell v. Shalala*, 41 F.3d 663, at *2 (5th Cir. 1994)

18

For the reasons stated in the prior section, Plaintiff has not raised a constitutional challenge to ALJ Perez's August 20, 2015 decision denying Mr. Yarbrough's second and third applications for disability benefits. To the extent Plaintiff is alleging that the Appeals Council's review of the "new and material evidence" submitted with Mr. Yarbrough's second and third applications for disability benefits constituted a *de facto* reopening of ALJ Anderson's May 20, 2014 decision, that argument also lacks merit. As explained by this Court in *Key v. Colvin*, "A constructive reopening may occur when the Commissioner reviews a claimant's entire record and renders a new decision on the merits of his or her disability claim." CIV.A. No. 15-03-SDD-RLB, 2015 WL 6501018, at *4 (citing *Atwell v. Commissioner of Soc. Sec.*, 2015 WL 757601, at *4 (M.D. La. Feb. 23, 2015)).

Here, as in *Key*, the Appeals Council did nothing more than conduct a threshold inquiry of the newly submitted evidence for the limited purpose of determining whether it was material to warrant a reopening of the May 20, 2014 adjudication. *Id*.[54] As this Court explained in *Key*, "'A threshold inquiry,' like the one made here, 'does not amount to a reopening of a claim for social security benefits.'" 2015 WL 6501018, at *4 (quoting *Powell*, 41 F.3d at *3 (5th Cir. 1994) (finding that, "[T]he district court correctly concluded that the Secretary had not reopened Powell's case by making a threshold inquiry into whether Powell's additional medical evidence was material to his claim of disability or merely cumulative")). Thus, ALJ Anderson's May 20, 2014 decision denying Mr. Yarbrough's first application for benefits was not constructively reopened by the Appeals Council when it reviewed the new evidence submitted by Mr. Yarbrough with his second and third applications for benefits. As such, this Court lacks subject matter jurisdiction over ALJ Perez's decision denying Mr. Yarbrough's second and third applications for disability benefits based upon *res judicata* and administrative finality.

---

[54] *See*, AR pp. 77-80.

### III.     Conclusion

For the reasons set forth herein, the Commissioner's Motion to Dismiss[55] is **GRANTED** and Plaintiff's appeal is **DISMISSED with prejudice** for lack of subject matter jurisdiction.

Signed in Baton Rouge, Louisiana, on September 6, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[55] R. Doc. 11.